PS 8 Revised 07
MD/TN Revised 10/10

☐ Interpreter Required

# UNITED STATES DISTRICT COURT
## for the
## MIDDLE DISTRICT OF TENNESSEE

U.S.A. vs. __Erica Lynn Hampton__    Docket No. __3:11-00005__

### Petition for Action on Conditions of Pretrial Release

COMES NOW __Burton Putman__, PRETRIAL SERVICES OFFICER presenting an official report upon the conduct of defendant __Erica Lynn Hampton__ who was placed under pretrial release supervision by the __Honorable David S. Cayer, U.S. Magistrate Judge__ sitting in the Court at __Charlotte, NC__, on __January 19, 2011__, under the following conditions: Please reference the attached Order Setting Conditions of Release

Respectfully presenting petition for action of Court and for cause as follows:
Please reference page two of this document

I declare under penalty of perjury that the foregoing is true and correct.

Burton Putman, Supervising
U.S. Pretrial Services Officer

Place: Nashville, TN

Date: August 13, 2012

**Next Scheduled Court Event** — Sentencing Hearing — October 5, 2012
Event — Date

## PETITIONING THE COURT

☒ No Action
☐ To Issue a Warrant
☐ To issue an order setting a hearing on the petition
☐ Other

### THE COURT ORDERS:
☒ No Action
☐ The Issuance of a Warrant.
  ☐ Sealed Pending Warrant Execution
     (cc: U.S. Probation and U.S. Marshals only)
☐ Other

☐ A Hearing on the Petition is set for

Date        Time

Considered and ordered this __20th__ day of __Aug.__, __2012__, and ordered filed and made a part of the records in the above case.

Aleta A. Trauger
U.S. District Judge

Honorable Aleta A. Trauger
U.S. District Judge
Petition for Action on
Hampton, Erica Lynn
Case No. 3:11-CR-00005
August 13, 2012

On January 19, 2011, the defendant, Erica Lynn Hampton, was released by the Honorable David S. Cayer, in the Western District of North Carolina, at Charlotte, on a $25,000 unsecured appearance bond and pretrial services supervision with conditions. Defendant Hampton was arraigned as to the instant offense in the Middle District of Tennessee before the Honorable Juliet E. Griffin on February 11, 2011. At arraignment, Judge Griffin ordered the defendant would remain on the same release conditions as set in the Western District of North Carolina and would also be allowed to travel back and forth to the Middle District of Tennessee for attorney visits and court appearances. The defendant remains on pretrial services supervision and is currently supervised by the U.S. Probation and Pretrial Services Office in Charlotte, North Carolina.

**Special Conditions of Pretrial Release:**

Please reference the attached Order Setting Conditions of Release.

**VIOLATION(S):**

**Violation No. 1: The defendant must not violate any federal, state or local law while on release:**

On August 9, 2012, Pretrial Services in the Middle District of Tennessee received notice from the U. S. Probation and Pretrial Services Office in the Western District of North Carolina that the defendant, Erica Hampton, had violated the conditions of her release. On July 25, 2012, Ms. Hampton was convicted of Simple Worthless Check in Mecklenburg County, North Carolina. Apparently, the defendant actually wrote the worthless check on November 23, 2011. A summons to appear was issued on May 15, 2012. However, the summons was not served on the defendant until July 16, 2012. The defendant pled guilty to the charge on July 25, 2012. The check was written in the amount of $110 to Costco Membership Warehouse. When the defendant appeared in court on July 25, 2012, she paid the $110 through the Mecklenburg County Clerk of Courts.

**Current Status of Case:**

According to PACER, this case is set for sentencing on October 5, 2012, before Your Honor.

**Probation Officer Action:**

The supervising officer in Charlotte, North Carolina, recommends no official action be taken by the Court at this time. This is the first petition of noncompliance that has been submitted to the Court regarding this defendant. Pretrial Services has advised the presentence writer of this new conviction and the presentence report will be amended accordingly. Assistant U.S. Attorney Sandra Moses has been informed of the defendant's noncompliance and concurs with the

Honorable Aleta A. Trauger
U.S. District Judge
Petition for Action on
Hampton, Erica Lynn
Case No. 3:11-CR-00005
August 13, 2012

recommendation that no official action be taken by the Court at this time.

**Respectfully Petitioning the Court as Follows**:

Again, it is recommended that the Court take no official action at this time and that the defendant remain on pretrial services supervision pending her sentencing hearing before Your Honor.

Submitted by:

_____
W. Burton Putman
Supervisory U.S. Probation Officer

Reviewed and approved by:

_____
Jim Perdue
Deputy Chief U.S. Probation Officer

xc:  Sandra Moses, Assistant U.S. Attorney
     Mariah Wooten, First Assistant Federal Public Defender

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

FILED
CHARLOTTE, NC

JAN 19 2011

US DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES OF AMERICA

VS.

Erica Lynn Hampton

APPEARANCE BOND

CASE NUMBER: 3:11MJ008

Non-Surety:[ ] I, the undersigned defendant acknowledge that I and my . . .
Surety: We, the undersigned, jointly and severally acknowledge that we and our . . .
personal representatives, jointly and severally, are bound to pay to the United States of America the sum of
$ 25,000.00 Unsecured, and there has been deposited in the Registry of the Court the sum of
$ _____ in cash or _____ (describe other security).

The conditions of this bond are that the defendant
is to appear before this court and at such other places as the defendant may be required to appear, in accordance
with any and all orders and directions relating to the defendant's appearance in this case, including appearance
for violation of a condition of defendant's release as may be ordered or notified by this court or any other United
States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to
abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any
order or direction in connection with such judgment.

It is agreed and understood that this is a continuing bond (including any proceeding on appeal or review)
which will continue until such time as the undersigned are exonerated.

If the defendant appears as ordered or notified and otherwise obeys and performs the foregoing conditions of
this bond, then this bond is to be void, but if the defendant fails to obey or perform any of these conditions,
payment of the amount of this bond will be due forthwith. Forfeiture of this bond for any breach of its
conditions may be declared by any United States District Court having cognizance of the above entitled matter
at the time of such breach and if the bond is forfeited and if the forfeiture is not set aside or remitted, judgment
may be entered upon motion in such United States District Court against each debtor jointly and severally for
the amount above stated, together with interest and costs, and execution may be issued and payment secured as
provided by the Federal Rules of Criminal Procedure and any other laws of the United States.

This bond is signed on 1/19/11 at CHARLOTTE, NORTH CAROLINA
                       Date                      Place

Defendant.X Erica Hampton  Address.X 129-H Irving Place Mooresville, NC

Surety.X _____ Address. _____

Surety. _____ Address. _____

Signed and acknowledged before me on 1/19/11      _____
                                      Date         Deputy Clerk

Approved: _____
         United States Magistrate Judge

Case 3:11-mj-00008-DSC   Document 4   Filed 01/19/11   Page 1 of 1

WDNC 199 (9/10) Order Setting Conditions Of Release

Page 1 of 4 Pages

FILED
CHARLOTTE, NC

JAN 19 2011

US DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT
for the
Western District of North Carolina

| | |
|---|---|
| United States of America | ) |
| | ) |
| v. | ) Case No. 3:11MJ008 |
| | ) |
| Erica Lynn Hampton | ) |
| Defendant | ) |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant must not violate any federal, state or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42. U.S.C. §14135a.

(3) The defendant must immediately advise the court, defense counsel, and the U.S. Attorney in writing before any change in address or telephone number.

(4) The defendant must appear in court as required and must surrender to serve any sentence imposed.

The defendant must appear at (if blank, to be notified) _____
Place

_____ on _____
Date and Time

**Release on Personal Recognizance or Unsecured Bond**

IT IS FURTHER ORDERED that the defendant be released on condition that:

(✓) (5) The defendant promises to appear in court as required and surrender to serve any sentence imposed.

(✓) (6) The defendant executes an unsecured bond binding the defendant to pay to the United States the sum of Twenty five Thousand dollars ($ 25,000 ) in the event of a failure to appear as required or surrender to serve any sentence imposed.

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL SERVICES   U.S. ATTORNEY   U.S. MARSHAL

## ADDITIONAL CONDITIONS OF RELEASE

Upon finding that release by one of the above methods will not by itself reasonably assure the defendant's appearance and the safety of other persons or the community,

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

( ) ( 7) The defendant is placed in the custody of
Person or organization _____

Address *(only if above is an organization)* _____

City and State _____ Phone Number (only if above is an organization)_____, who agrees (a) to supervise the defendant in accordance with all of the conditions of release, (b) to use every effort to assure the defendant's appearance at all scheduled court proceedings, and (c) to notify the court immediately if the defendant violates any condition of release or disappears.

Signed:_____   _____
   *Custodian or Proxy*                      *Date*

(x) ( 8) The defendant must:
  (x) ( a) report to the Office of Probation and Pretrial Services to the extent and in the manner that the agency determines to be appropriate.
    ( ) Administrative Supervision
  ( ) ( b) execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property:
  _____
  
  ( ) ( c) post with the court the following proof of ownership of the designated property, or the following amount or percentage of the above-described sum_____
  
  ( ) ( d) execute a bail bond with solvent sureties in the amount of _____
  (x) ( e) maintain or actively seek **employment**.
  (x) ( f) maintain or commence an **education** program.
  ( ) ( g) surrender any **passport** to the Office of Probation and Pretrial Services.
  ( ) ( h) obtain no **passport**.
  (x) ( i) abide by the following restrictions on **personal association, place of abode, or travel:**
  Travel only in the Western District of North Carolina or travel as approved by the Office of Probation and Pretrial Services. Have no contact with anyone involved in unlawful use, possession or trafficking of drugs or any other unlawful conduct.
  
  (x) ( j) avoid all contact, directly or indirectly, with any person who is or may become a victim or potential witness in the investigation or prosecution, including but not limited to: co-defendants.
  
  ( ) ( k) undergo **medical or psychiatric treatment** or remain in an institution as follows:
  _____
  ( ) ( l) return to custody each (week) day at:_____ o'clock after being released each (week) day at:_____ o'clock for employment, schooling, or the following purpose(s):_____
  ( ) ( m) maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.
  (x) ( n) refrain from possessing a **firearm, destructive device, or other dangerous weapons**.
  (x) ( o) refrain from ( ) any (✓) **excessive use of alcohol**.
  (x) ( p) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. §802, unless prescribed by a licensed medical practitioner.

8(i) modified to include any travel required for attorney visits and court appearances in TN/M

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL SERVICES   U.S. ATTORNEY   U.S. MARSHAL

Case 3:11-mj-00008-DSC   Document 5   Filed 01/19/11   Page 2 of 4

## ADDITIONAL CONDITIONS OF RELEASE

(x) (q) submit to any testing required by the pretrial services office or the supervising officer to determine whether the defendant is using a prohibited substance. Any testing may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is (are) required as a condition of release.
  (x) one positive drug screen requires return to court.

(x) (r) participate in a program of inpatient or outpatient **substance abuse** therapy and counseling if the pretrial services office or supervising officer considers it advisable.
  ( ) attend and complete the Community Housing and Matrix Program (CHAMP) at the McLeod Residential Re-Entry Center in Charlotte, NC. The defendant, upon release, shall be transported by the most direct means and way possible to the McLeod Center. Upon arrival, defendant shall submit to the Residential Re-Entry Center for a period not to exceed ninety (90) days under the guidance and direction of the United States Probation Office. Upon completion of treatment or release from the program, defendant shall be transported back to the United States Probation Office in ( ) Asheville or ( ) Charlotte, NC by the most direct means and way possible. Upon the arrival at the United States Probation Office further proceedings shall be scheduled to determine if defendant shall be allowed to continue to be released on terms and conditions of pretrial release.

( ) (s) participate in one of the following location monitoring program components and abide by its requirements as the pretrial services officer or supervising officer instructs.
  ( ) (i) **Curfew.** You are restricted to your residence every day ( ) from _____ to _____, or ( ) as directed by the pretrial services office or supervising officer; or
  ( ) (ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by the pretrial services office or supervising officer; or
  ( ) (iii) **Home Incarceration.** You are restricted to 24-hour-a-day lock-down except for medical necessities and court appearance or other activities specifically approved by the court.

( ) (t) submit to the **location monitoring** indicated below and abide by all of the program requirements and instructions provided by the pretrial services officer or supervising officer related to the proper operations of the technology.
  (x) The defendant must pay all or part of the cost of the program based upon your ability to pay as the pretrial services office or supervising officer determines.

  ( ) (i) Location monitoring technology as directed by the pretrial services office or supervising officer;
  ( ) (ii) Radio Frequency (RF) monitoring;
  ( ) (iii) Passive Global Positioning Satellite (GPS) monitoring;
  ( ) (iv) Active Global Positioning Satellite (GPS) monitoring (including "hybrid" (Active/Passive) GPS);
  ( ) (v) Voice Recognition monitoring.

(x) (u) report as soon as possible, to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

( ) (v) support his/her minor children or other dependants.

(x) (w) submit his or her person, residence, office, vehicle and/or any computer system including computer data storage media, or any electronic device capable of storing, retrieving, and/or accessing data to which they have access or control, to a search, from time to time, conducted by any United States Probation Officer/Pretrial Officer and such other law enforcement personnel as the probation officer may deem advisable, without a warrant. The defendant shall warn other residents or occupants that such premises, vehicles, or electronic devices may be subject to searches pursuant to this condition.

( ) (x) comply with the standard sex offender conditions and any optional conditions as ordered (see attachment).

(X) (y) The deft is ordered to appear in MDTN as notified.

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL SERVICES   U.S. ATTORNEY   U.S. MARSHAL

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (i.e., in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
  (1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more - you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
  (2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years - you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
  (3) any other felony - you will be fined not more than $250,000 or imprisoned not more than two years, or both;
  (4) a misdemeanor - you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Defendant's Signature

Mooresville, NC
City and State

### Directions to the United States Marshal

(✓) The defendant is ORDERED released after processing.
( ) The United States Marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions of release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: 1-20-11

_____
Judicial Officer's Signature

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL SERVICES   U.S. ATTORNEY   U.S. MARSHAL